(C. D. 1962)

THE LEES-BRADNER COMPANY *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 29, 1958)

*Arthur H. Van Horn* and *Bert D. Bradley* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: Merchandise, covered by the protests enumerated in schedule "A," attached to and made part of this decision, described as "Variable Speed Units" or "F. U. units" and "Cri-Dan 'B' Gear Boxes," was classified by the collector of customs in paragraph 368 (a) (1) (2) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 368 (a) (I) (2)) as devices for controlling or regulating the speed

of arbors, disks, drums, or similar uses, valued over $10 each, and duty was imposed thereon at the rate of $4.50 each and 65 per centum ad valorem.

Plaintiff relies upon the claim that the merchandise should be classified as parts of machine tools in paragraph 372 of said act (19 U. S. C. § 1001, par. 372), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, or the Torquay protocol to said general agreement, 86 Treas. Dec. 121, T. D. 52739, and dutiable, accordingly, at 15 per centum ad valorem.

The pertinent text of the statutes above referred to is as follows: Paragraph 368 (a) (1) (2), *supra*—

PAR. 368. (a) * * * any mechanism, device, or instrument intended or suitable for * * * regulating, indicating, or controlling the speed of arbors, drums, disks, or similar uses, * * * all the above (except the articles enumerated or described in paragraph 367), whether or not in cases, containers, or housings:

(1) If valued * * * at more than $10 each, $4.50 each;
(2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem;

\*     \*     \*     \*     \*     \*     \*

Paragraph 372, as modified by said general agreement, *supra*—

| | |
|---|---|
| Machine tools (except jig-boring machine tools) | 15% ad val. |

\*     \*     \*     \*     \*     \*     \*

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of articles provided for in any item 372 of this Part:

\*     \*     \*     \*     \*     \*     \*

| | |
|---|---|
| Other | The same rate of duty as the articles of which they are parts |

It will be observed that paragraph 372 of the basic act contains the following proviso:

* * * That machine tools as used in this paragraph shall be held to mean any machine operating other than by hand power which employs a tool for work on metal.

Four witnesses testified on behalf of plaintiff and none for the Government.

The indisputed evidence before us establishes that the imported articles are transmission units of a machine known as "Sentinel Cri-Dan 'B' High Speed Threading Machines," which were designed and manufactured by Sentinel (Shrewsbury), Limited, of Shrewsbury, England. As originally designed, the machine was equipped with what are known as F. U. transmission units which were based on a frictional drive principle. These units proving unsatisfactory, a new unit known as a gear box was designed and manufactured by the Shrewsbury company for use on a Cri-Dan threading machine.

Plaintiff's witness Bradner testified that the Sentinel Cri-Dan "B" machine is unique "because of the fact that it is the first tool to the best of my knowledge whereby a threaded section can be very satisfactorily generated using a single point, carbide tipped threading tool" which is power operated.

The record further establishes that the gear box units and F. U. units, as imported, were finished and ready to be installed in the machine and that both the F. U. units and the gear boxes were manufactured for the exclusive use of the Sentinel Cri-Dan "B" high-speed metal-threading machine and were essential and necessary to the operation of the machine since they were used to transmit power from its source to the work spindle.

Since the evidence establishes that neither the F. U. units nor the gear box units exercise the function of control, indication, or regulation upon which the classification for duty in paragraph 368 rested, we are of the opinion that the articles do not fall within the terms of the paragraph adopted by the collector. On the other hand, the evidence establishes without contradiction that the Sentinel Cri-Dan machine operates other than by hand power and employs a tool for work on metal. The F. U. and gear box units are used as parts of the machine solely for the purpose of transmitting power from its source to the work spindle which employs a tool for high-speed threading on metal.

In view of the exclusive use of the "Sentinel Cri-Dan 'B' High Speed Threading Machines," as above indicated, we are satisfied that they are not jig-boring machine tools which are excepted from the provision in paragraph 372, *supra*, relied upon by plaintiff.

From the facts established by the record and for the foregoing reasons, we find and hold that the variable speed units or F. U. units and Cri-Dan "B" gear boxes are parts of machine tools within the meaning of paragraph 372, as modified, *supra*, and dutiable, accordingly, at 15 per centum ad valorem, as claimed by plaintiff. That claim in the protests is sustained and judgment will be entered accordingly.